UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

DAVID LOPEZ,

                     Plaintiff,                 **MEMORANDUM & ORDER**
                                            20-CV-02263(EK)
           -against-

KIOLO KIJAKAZI, ACTING COMMISSIONER
OF SOCIAL SECURITY,[1]

                     Defendant.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

         Plaintiff seeks judicial review of the Commissioner of
the Social Security Administration's decision to deny her claims
for disability insurance benefits and supplemental security
income. Before the Court are the parties' cross-motions for
judgment on the pleadings. For the following reasons, the Court
grants the Plaintiff's motion and denies the Commissioner's
cross-motion.

---

     [1] Kilolo Kijakazi became the Acting Commissioner of Social Security on
July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil
Procedure, Kilolo Kijakazi is substituted for Andrew Saul, former
Commissioner of Social Security, as the Defendant in this suit.  *See* 42
U.S.C. § 405(g) ("Any action instituted in accordance with this subsection
shall survive notwithstanding any change in the person occupying the office
of Commissioner of Social Security or any vacancy in such office.").

## I.   Background

### A. Procedural History

Plaintiff applied for disability insurance benefits on November 7, 2016, alleging disability beginning January 1, 2016 due to Crohn's disease and depression.  The claim was initially denied.  After requesting a hearing, Plaintiff appeared before an administrative law judge ("ALJ") on February 15, 2019. The ALJ found that Plaintiff was not disabled and was therefore not entitled to disability insurance benefits or supplemental security income. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering it final. This appeal followed.

### B. The ALJ Decision

An ALJ must follow a five-step inquiry for evaluating disability claims.  First, the ALJ determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that significantly limits the applicant's ability to perform basic work activities.  *Id.* § 404.1520(c).  If the ALJ identifies a severe impairment, he or she must determine if it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments").  *Id.* § 404.1520(d);

20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, the ALJ will

deem the applicant disabled.  20 C.F.R. § 404.1520(a)(4)(iii).

        Here, the ALJ found that Plaintiff had not engaged in

substantial gainful activity following the alleged onset of his

disability, and had the following severe impairments: obesity,

degenerative disc disease of the lumbar spine, depression, and

generalized anxiety disorder.  Tr. 17.  None of those

impairments, however, rose to the level of a Listed

Impairment.  Tr. 18.  The ALJ also determined that Plaintiff's

Crohn's Disease and obstructive sleep apnea were "not severe."

Tr. 17.

        Next, the ALJ must determine a claimant's residual

functional capacity ("RFC"), which is the most a claimant can

still do in a work setting despite his or her physical and

mental limitations. 20 C.F.R. § 404.1545(a)(1).  The ALJ found

in this case that Plaintiff had the residual capacity to perform

"light work" with limitations.[2]  Tr. 20.  Those limitations

included that Plaintiff can only "occasionally lift and carry 20

pounds, and frequently lift and carry 10 pounds, stand and walk

for 6 hours, and sit for 6 hours."  *Id.*  Plaintiff "can perform

---

[2] The "physical exertional requirements" of jobs are categorized in
ascending order of difficulty: sedentary, light, medium, heavy, very heavy.
20 C.F.R. § 404.1567

simple routine tasks and accept occasional changes to a routine work setting." *Id*.

At step four, the ALJ considers whether, in light of the claimant's RFC, the claimant could perform "past relevant work." 20 C.F.R. § 404.1520(f).  If not, at step five, the ALJ evaluates whether the claimant can perform jobs existing in significant numbers in the national economy.  *Id*. § 404.1520(g). The ALJ found that although Plaintiff could not perform past work as a janitor, he could perform other jobs existing in significant numbers in the national economy, including "garment sorter," "laundry worker," and "housekeeper."  Tr. 26.

## II.  Standard of Review

A federal district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotations omitted). "[I]f supported by

4

substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

### III. Discussion

Plaintiff challenges the ALJ's decision on several grounds. First, Plaintiff claims, the ALJ erred in finding Crohn's Disease to not be severe at step two, and in failing to consider it in crafting the RFC.

An impairment is "severe" if it "significantly limits" the claimant's "ability to do basic work activities." 20 C.F.R. § 404.1520(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs." *Id.* § 416.922(b). Here, at step two, the ALJ considered medical reports from treating physician Dr. Sam Moskowitz, a gastroenterologist. Tr. 17 (citing Tr. 434-468). Plaintiff reported to Dr. Moskowitz that he experienced pain, distension, nausea, vomiting, and constipation. *Id.* Diagnostic imaging showed "chronic sigmoid stricture" from Crohn's Disease, though physical examinations revealed a soft, nontender abdomen, with no masses and normal bowel sounds. *Id.* Dr. Moskowitz prescribed medication to help relieve symptoms. *Id.* The ALJ found that, based on this evidence, "the claimant's Crohn's Disease does not significantly limit the claimant's physical or mental abilities to perform basic work activities"; thus, it was "not severe." *Id.*

5

Even if the ALJ erred at step two — which I do not conclude he did — any potential omission of a severe impairment is "deemed harmless where the ALJ also later considers the effects from the omitted impairment as part of the ultimate RFC determination." *E.g.*, *Matta v. Colvin*, 13-CV-5290, 2016 WL 524652, at \*12 (S.D.N.Y. Feb. 8, 2016). Here, the ALJ did consider the effects of Plaintiff's Crohn's Disease in making the ultimate RFC determination. The ALJ noted Plaintiff's testimony that "he stopped working after becoming hospitalized for Crohn's Disease"; that he "experienced pain in his stomach"; and "spends a lot of time in the bathroom" — "between 3 to 5 times per day, for up to 2 hours." Tr. 21. In crafting Plaintiff's RFC, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. 20. Such statements are sufficient to show that the ALJ considered both severe and nonsevere impairments in the RFC finding. *See O'Connell v. Colvin*, 558 F. App'x 63, 65 (2d Cir. 2014) ("[T]he ALJ's decision makes clear that he considered 'all symptoms' and the 'combination of impairments' in making his determination.").

Plaintiff argues, next, that the ALJ should have at least considered in the RFC the time he would be "off-task" due

6

to his bathroom breaks, taken "between 3 to 5 times per day, for up to 2 hours."  Being off-task includes "needing unscheduled breaks[] and missing unscheduled work days."  *Rugless v. Comm'r of Social Sec.*, 548 F. App'x 698, 700 (2d Cir. 2013).  At the hearing, the vocational expert testified that two ten-minute breaks to use the bathroom would not be a firing offense, but one break for an excess of one hour would put Plaintiff at greater than ten percent off-task, and he would thus be unemployable.  Tr. 92-93.

When the record indicates that a claimant might need to be off-task for a substantial part of the workday, the ALJ should consider whether this would preclude the claimant from performing past relevant work or transitioning to other work. *See Rugless v. Comm'r of Social Sec.*, 548 F. App'x 698, 700 (2d Cir. 2013) ("Thus, the additional limitations of being off-task, needing unscheduled breaks, and missing unscheduled work days might be an important factor in determining whether appellant could hold a job such as a cashier or a parking lot attendant. Some clarification is, therefore, necessary.").  A perfunctory, conclusory rejection of the evidence concerning an applicant's need for time off-task will not suffice.  *See Drake v. Saul*, 839 F. App'x 584, No. 20-204-CV, 2020 WL 7294561, at *1 (2d. Cir. Dec. 11, 2020) ("Beginning with Dr. Aamir Rasheed, we find the ALJ's cursory statement that '[n]o weight is assigned [to his]

assessment regarding time off task because it is not supported by the evidence' to be inadequate.").

The ALJ appears to have discounted Plaintiff's testimony concerning his bathroom breaks, finding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 21.  The ALJ's opinion is silent, however, on whether or not she found that Plaintiff would be off task for *any* amount of time.  Given this record, there is sufficient evidence to raise a legitimate question about whether Plaintiff would remain off-task for what an employer would find to be an unacceptably large percentage of Plaintiff's working hours.  In light of the specific medical evidence here, combined with  the vocational expert's testimony that a mere ten percent of off-task time would render a hypothetical employee unemployable, the ALJ erred by failing to address the question further.  Accordingly, I vacate the Commissioner's decision and remand for consideration of this question.

## IV.  Conclusion

For the reasons stated above, the Commissioner's motion for judgment on the pleadings is denied and Plaintiff's

motion is granted.  This case is remanded for further

proceedings consistent with this opinion.


                    SO ORDERED.

                                    /s Eric Komitee_____
                                    ERIC KOMITEE
                                    United States District Judge


Dated:     September 29, 2021
           Brooklyn, New York

9